**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RODNEY ANDERSON,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-14-1792** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **T. BICKELL**, *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.    Introduction**

Presently before the Court is Mr. Anderson's second motion for enlargement of time to file an Amended Complaint. (Doc. 58.) Based on its content, the Court will also construe the motion as one for reconsideration of the Court's June 10, 2016 order dismissing the case due to Mr. Anderson's failure to file an amended complaint.

For the reasons that follow, the case will be reinstated and Mr. Anderson will be granted an opportunity to file his amended complaint.

**II.   Background**

By order dated March 30, 2016, the Court granted in part and denied the Defendants' motions to dismiss the Complaint.  *See* Docs. 51 and 52.  Mr. Anderson was granted twenty-one days to file an amended complaint to correct the deficiencies in his original *pro se* complaint. (Doc. 51). Mr. Anderson was warned that his action would be dismissed if he failed to file an amended complaint. (*Id*.) On April 28, 2016,

the Court granted Mr. Anderson's request for an enlargement of time to file his amended complaint. (Doc. 55). On June 10, 2016, after Mr. Anderson failed to file an amended complaint and did not seek a second enlargement of time within which to do so, the Court dismissed the action. (Doc. 56.)

### III. Standard of Review

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden. The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm.*, L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677).

### IV. Discussion

On June 17, 2016, Mr. Anderson simultaneously filed an "Appeal of Dismissal" (Doc. 57) and Motion for Enlargement of Time (Doc. 58). In both documents he states

he placed a second motion for enlargement of time in prison's outgoing mail on or about May 20, 2016, the date his amended complaint was due. The Court never received Mr. Anderson's request for additional time to file his amended complaint. Mr. Anderson alleges he is prepared to file his amended complaint but due to prison officials' interference with his outgoing legal mail, his action has been dismissed.

Construing Mr. Anderson's motion for enlargement of time to file his amended complaint as a motion for reconsideration of the dismissal of his action for failure to file an amended complaint, the Court will grant his request based on his assertion that his "Amended Complaint and additional supplemental Complaint is done and completed. The plaintiff only needs to copy the exhibits and attach them to the complaints." (Doc. 57.) Accordingly, the Court will reinstate this action and grant Mr. Anderson thirty days to file his Amended Complaint.

Mr. Anderson is cautioned that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Anderson is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. His amended complaint may not incorporate by reference his original complaint. Consequently, all surviving causes of action alleged

in the original complaint which are not alleged in the amended complaint are waived. Mr. Anderson should consult the Court's Order of March 30, 2016, granting in part and denying in part, the Defendants' Motions to Dismiss when drafting his amended complaint.

An appropriate Order will follow.

                                **/s/ A. Richard Caputo**
                                **A. RICHARD CAPUTO**
                                **United States District Judge**

**Date: July 11, 2016**