**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RODNEY ANDERSON,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-14-1792** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **T. BICKELL,** *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.   Introduction**

On August 18, 2014, Mr. Anderson, an inmate confined at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Pennsylvania, filed his original Complaint in this matter against fourteen defendants who worked at two different correctional facilities: SCI-Camp Hill and SCI-Huntingdon. The named defendants were either employed by the Pennsylvania Department of Corrections (DOC) or Corizon Medical Services (Corizon), the contract medical care provider at SCI-Huntingdon. (ECF No. 1, Compl.) On March 30, 2016, the Court granted in part, and denied in part, the DOC and Corizon defendants' motions to dismiss. *(*ECF Doc. 51.) Claims barred by the statute of limitations were dismissed with prejudice, while others were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) with leave to amend. (*Id*.) Mr. Anderson then filed an Amended Complaint (ECF No. 64) and a Supplemental Complaint (ECF No. 64-1) which exclusively raises new claims against new defendants for events that took place after he initiated this action.

Presently before the Court is Mr. Anderson's Third Motion for Appointment of Counsel (ECF No. 66) pursuant to 28 U.S.C. § 1915(e)(1).[1]  Mr. Anderson asserts his indigent status, incarceration, and lack of legal training will impede his ability to properly litigate this case.  He also claims his depression and various mental health issues require the appointment of counsel.  (*Id*.)

**II.    Discussion**

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case.  Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155.  Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156.  "If it appears that an indigent plaintiff with a claim of arguable

---

[1] Also pending before the Court are the Defendants' motions to dismiss Mr. Anderson's Amended and Supplemental Complaints.  These motions will be addressed under separate cover at the convenience of the Court.

merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id*.

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. *Id*. at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id*. at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

Here, to the extent Mr. Anderson is concerned that his indigent status, present state of incarceration or lack of legal training will impact his ability to move his case forward, he stands in the same shoes of the majority of pro se litigants. These facts do not warrant the appointment of counsel given this Court's liberal

construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). To the extent he argues that his depression and other mental health issues make litigating this action difficult for him, he cites not a single instance where they have hampered his ability to proceed. Additionally, he provides no supporting information from any counselor or health provider verifying his diagnosis, or that his mental health issues significantly impact his cognitive functions or prohibit him from effectively communicating himself or comprehending English. Additionally, documents attached to his pleadings reveal that he has been able to maintain a position in the kitchen for numerous years in spite of these mental health problems. To date, Mr. Anderson's pleadings have been well articulated and cite relevant case law. His Amended Complaint also demonstrates that he is a frequent user of the institution's law library. (ECF No. 64-2.) Thus, his claims that his mental health issues require the appointment of counsel in this matter are unsupported.

There is no evidence, at this point in the litigation, that any prejudice will befall Mr. Anderson in the absence of court appointed counsel. Consequently, Mr. Anderson's third request for counsel will be denied without prejudice. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Dated: February  28 , 2017**